UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUADALUPE VASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MARKET SQUARE, et al.,<br><br>Defendants. | No. 2:24-cv-0684 TLN AC P<br><br><br><br>ORDER |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. ECF No. 2. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.     Factual Allegations of the Complaint

The complaint alleges that plaintiff bit into a Honey Bun and that there was a stick in it. ECF No. 1 at 3. Plaintiff told a correctional officer what happened and asked to see a doctor. Id. The correctional officer ignored him. Id. With respect to injury, plaintiff claims that the value of his safety was violated when the stick broke in his mouth, that he paid for something that he trusted to put in his mouth and stomach, and that he could not even see a doctor or a nurse. Id.

Plaintiff seeks $800,000,000 for relief for his claims.

III.    Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the allegations in the complaint are not sufficient to state any claim for relief against any defendant. To the extent plaintiff seeks to bring a § 1983 claim against defendants for Eighth Amendment violations to his health or safety, he fails to do so because (1) the State of California is not a

"person" for purposes of § 1983 and the Eleventh Amendment bars suits against the State of California, and (2) Market Square, presumably the company that makes Honey Buns, is not a "state actor."

To the extent plaintiff seeks to bring a § 1983 claim against a correctional officer or Eighth Amendment violations to his health and safety, he fails to name the correctional officer as a defendant. And although plaintiff does not need to identify each defendant by name at this stage of this litigation, and could allege claims against a Doe defendant, he does not do so. Moreover, even if plaintiff had named the correctional officer as a Doe defendant, his claim as currently alleged would still fail because he alleges nothing more than a single incident of food contamination causing no injury. Put differently, he does not alleged that he suffered a serious deprivation or had a serious medical need that the correctional officer or other defendant knew of and chose to ignore.

Lastly, to the extent plaintiff intends to bring a breach of implied warranty of merchantability claim, which is a state law claim, against Market Square, he fails to establish diversity jurisdiction to bring this claim in federal court.

### IV.  Leave to Amend

Because of the defects in plaintiff's claims, the court will not order the complaint to be served on defendants. Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards governing his potential claims for relief which are attached to this order. See Attachment A.

### V.  Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

////

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: March 31, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I.  Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II.  Legal Standards Governing Substantive Claims for Relief

A.  Federal Jurisdiction

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v.

///

Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).

### B. Section 1983

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Accordingly, "the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

### C. Eleventh Amendment and Official Capacity Claims

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief." See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010); Fireman's Fund Ins. Co., v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) ("The Eleventh Amendment bars suits which seeks either damages or injunctive relief against a state, 'an arm of the state', its instrumentalities, or its agencies."). A suit against CDCR is barred by the Eleventh Amendment. Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989) (only "person[s]" may be sued for depriving civil rights under § 1983, and states are not "person[s]" within the meaning of § 1983).

The Eleventh Amendment, however, does not bar suits seeking damages against state officials in their individual capacities. Hafer v. Melo, 502 U.S. 21, 30-31 (1991). Nor does it bar suits seeking only prospective declaratory or injunctive relief against state officers sued in their official capacities. Will, 491 U.S. at 71 (state officials sued in their official capacity for prospective relief are "person[s]" within the meaning of § 1983").

///

      D.  Doe Defendants

Although the use of Doe defendants (unknown defendants) is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names. See Mosier v. Cal. Dep't of Corr. & Rehab., No. 1:11-cv-1034 MJS PC, 2012 WL 2577524, at *3, 2012 U.S. LEXIS 92286, at *8 (E.D. Cal. July 3, 2012), Robinett v. Corr. Training Facility, No. C 09-3845 SI (PR), 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at *12-13 (N.D. Cal. July 20, 2010). Additionally, to state a claim against Doe defendants, plaintiff must allege conduct by each specific Doe defendant to establish liability under 42 U.S.C. § 1983. This means that plaintiff should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each individual did to violate his rights.

      E.  Personal Involvement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

      F.  Eighth Amendment – Deliberate Indifference Generally

In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The first prong is an objective prong, which requires that the deprivation be "sufficiently serious." Lemire v. Cal. Dep't of Corr.

1  & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834).  In order to be
2  sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal
3  civilized measure of life's necessities." Lemire, 726 F.3d at 1074.  The objective prong is not
4  satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing,
5  sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.
6  2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).  "[R]outine discomfort
7  inherent in the prison setting" does not rise to the level of a constitutional violation.  Johnson v.
8  Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a
9  violation, but only if such deprivations are lengthy or ongoing").  "The fact that [prison] food
10  occasionally contains foreign objects . . ., while unpleasant, does not amount to a constitutional
11  deprivation." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).  Rather, extreme
12  deprivations are required to make out a conditions of confinement claim, and only those
13  deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to
14  form the basis of an Eighth Amendment violation.  Farmer, 511 U.S. at 834; Hudson v.
15  McMillian, 503 U.S. 1, 9 (1992).  The circumstances, nature, and duration of the deprivations are
16  critical in determining whether the conditions complained of are grave enough to form the basis
17  of a viable Eighth Amendment claim.  Johnson v. Lewis, 217 F.3d at 731.
18       The second prong focuses on the subjective intent of the prison official.  Peralta, 744 F.3d
19  at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837).  The deliberate indifference standard
20  requires a showing that the prison official acted or failed to act despite the prison official's
21  knowledge of a substantial risk of serious harm to the prisoner.  Id. (citing Farmer, 511 U.S. at
22  842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991).  Mere
23  negligence on the part of the prison official is not sufficient to establish liability.  Farmer, 511
24  U.S. at 835.
25                     G.  Eighth Amendment Deliberate Indifference to Medical Needs
26       Denial or delay of medical care for a prisoner's serious medical needs may constitute a
27  violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.
28  97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

1  deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d
2  1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.
3  Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

4  In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439
5  F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other
6  grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the
7  plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's
8  condition could result in further significant injury or the 'unnecessary and wanton infliction of
9  pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he
10 existence of an injury that a reasonable doctor or patient would find important and worthy of
11 comment or treatment; the presence of a medical condition that significantly affects an
12 individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d
13 at 1131-1132, citing McGuckin, 974 F.2d at 1059-60. "A heightened suicide risk or an attempted
14 suicide is a serious medical need." See Conn. v. City of Reno, 591 F.3d 1081, 1095 (9th Cir.
15 2010), vacated by City of Reno, Nev. v. Conn, 563 U.S. 915 (2011), reinstated in relevant part by
16 Conn v. City of Reno, 658 F.3d 897 (9th Cir. 2011).

17 Second, the plaintiff must show the defendant's response to the need was deliberately
18 indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act
19 or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the
20 indifference. Id. Under this standard, the prison official must not only "be aware of facts from
21 which the inference could be drawn that a substantial risk of serious harm exists," but that person
22 "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective
23 approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A
24 showing of merely negligent medical care is not enough to establish a constitutional violation.
25 Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A
26 difference of opinion about the proper course of treatment is not deliberate indifference, nor does
27 a dispute between a prisoner and prison officials over the necessity for or extent of medical
28 treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058

(9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

### H. State Law Claim – Breach of Implied Warranty of Merchantability

"The California Commercial Code implies a warranty of merchantability that goods '[a]re fit for ordinary purposes for which such goods are used.'" Birdsong v. Apple, Inc., 590 F.3d 955, 958 (9th Cir. 2009) (quoting Cal. Com. Code § 2314(2)(c)).  The warranty "'provides for a minimum level of quality.'" Id. 958 (citation omitted).  "A breach of the warranty of merchantability occurs if the product lacks 'even the most basic degree of fitness for ordinary use.'" Id. (citation omitted).  "Crucial to the inquiry is whether the product conformed to the standard performance of like products used in the trade." Pisano v. Am. Leasing, 146 Cal. App. 3d 194, 198 (1983); Am. Suzuki Motor Corp. v. Superior Court, 37 Cal. App. 4th 1291, 1296 (1995) (warranty of merchantability does not "impose a general requirement that goods precisely fulfill the expectation of the buyer").

The ordinary use of food is to be eaten.  Rodriguez v. Mondelez Global, LLC, 703 F. Supp. 3d 1191, 1213 (S.D. Cal. 2023).  A plaintiff can therefore plead that "a product violates the implied warranty of merchantability through allegations that the product was unsafe for consumption, contamination, or contained foreign objects." Id. (citation and internal quotation marks omitted); Mexicali Rose v. Superior Court, 1 Cal. 4th 617, 622 (Cal. 1992) (California Commercial Code § 2314 "requires that food be reasonably fit for human consumption").